40 So.3d 1074 (2010)
EMPLOYERS SELF INSURERS FUND
v.
LOUISIANA WORKERS' COMPENSATION SECOND INJURY BOARD.
No. 09-CA-808.
Court of Appeal of Louisiana, Fifth Circuit.
May 25, 2010.
*1075 Michael W. Whitehead, Attorney at Law, Livingston, Louisiana, for Plaintiff/Appellee.
Honorable James D. Caldwell, Attorney General, Karl L. Scott, Assistant Attorney General, Office of Workers' Compensation, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and MARC E. JOHNSON.
CLARENCE E. McMANUS, Judge.
This appeal is from the trial court's judgment in favor of the Employer's Self Insurance Fund and against the Louisiana Workers' Compensation Second Injury Board for $250,199.38 in reimbursement for indemnity benefits paid and $479,614.61 in reimbursement for medical benefits paid, plus interest. For the reasons which follow, we affirm the trial court's judgment.

STATEMENT OF THE CASE
Ernest Smith was employed by Chailland, Inc. as a welder. He was injured in an accident during the course and scope of his employment on June 22, 2001. As a result of that accident, he suffered a neck injury. This injury resulted in arthritis, which was a permanent partial disability. Smith returned to work at Chailland in July 2001. Thereafter, he was again involved in a work related accident on July 31, 2001, in which he was hit in the head when a metal frame sprang free and struck him. This accident caused his neck to hyperextend, causing extensive neck and head injuries.
Chailland, through its insurer, Employers Self Insurers Fund ("ESIF"), paid indemnity benefits to Smith. ESIF then sought reimbursement from the Louisiana Workers' Compensation Second Injury Board for payment of the benefits related to the July 31, 2001 accident. On August 8, 2003, the Second Injury Board denied the claim.
On April 28, 2004, ESIF filed a petition for appeal of the decision of the Second Injury Board. ESIF claimed there was evidence that Smith had a pre-existing permanent partial disability prior to his second injury on July 31, 2001 and Chailland had knowledge of that injury. ESIF alleged the pre-existing permanent partial disability merged or combined with the subsequent injury. And, further, ESIF alleged the second injury was caused or brought about by the existence of the pre-existing disability. ESIF claimed it was entitled to recover the workers' compensation *1076 indemnity benefits paid to Smith for more than 104 weeks and medical benefits.
Trial was held on April 6, 2009. The video deposition of Dr. Clifford Ameduri and the deposition of Dr. Frank Cullichia were admitted into evidence at trial. John Kocke, a registered nurse who worked for Chailland handling workers' compensation and medical management, and Gary William Kern, a claims and risk management consultant, testified at trial.
The trial court issued a judgment on May 5, 2009 in favor of ESIF in the amount of $250,199.38 in reimbursement for indemnity benefits paid and $479,614.61 in reimbursement for medical benefits paid, plus interest. The trial court also executed reasons for judgment providing that ESIF proved its entitlement to reimbursement in accordance with Employers National Insurance Company v. Second Injury Board, 96-1585 (La.App. 1 Cir. 5/9/97), 693 So.2d 1274. First, ESIF proved that Smith had a pre-existing permanent partial disability, arthritis, when he incurred the later injury. Second, the trial court found that ESIF had established that Chailland had actual knowledge of Smith's pre-existing arthritis before the July 31, 2001 injury. And third, the trial court found that the July 31, 2001 injury, when coupled with the previous disability, made Smith materially more disabled than if the pre-existing disability had not been present.
The trial court found ESIF had met its burden of proof to recover reimbursement for the indemnity and medical payments. The trial court's award was based on the total indemnity payments and medical payments paid to Smith and verified by Kern's testimony.

DISCUSSION
We find the trial court correctly applied La. R.S. 23:1378, as well as the First Circuit's factors provided in Employers National Insurance Company v. Second Injury Board, 96-1585 (La.App. 1 Cir. 5/9/97), 693 So.2d 1274.
La. R.S. 23:1378 provides, in part:
A. An employer operating under the provisions of this Chapter who knowingly employs or knowingly retains in his employment an employee who has a permanent partial disability, as defined in Subsection F of this Section, shall be reimbursed from the Second Injury Fund as follows:
(l)(a) For injuries occurring before July 1, 2004, and on or after July 1, 2009, if an employee who has a permanent partial disability incurs a subsequent injury arising out of and in the course of his employment resulting in liability for disability due to the merger of the subsequent injury with the preexisting permanent partial disability, the employer or, if insured, his insurer, in the first instance, shall pay all compensation provided in this Chapter, but the employer or, if insured, his insurer thereafter shall be reimbursed from the Second Injury Fund for all weekly compensation payments payable after the first one hundred four weeks of payments. Such payments shall be reimbursed provided they are submitted to the board within one year of the approval for reimbursement or within one year of the payment of such weekly compensation payments, whichever occurs later.
....
As discussed by the trial court in its reasons for judgment, Employers National Insurance Company v. Second Injury Board, supra, provides three factors to consider when determining whether an insurer is entitled to reimbursement from the Second Injury Board. First, it must be determined if the employee had a pre-existing *1077 permanent partial disability when the employee incurred the later injury. Second, it must be determined if the employer had actual knowledge of the preexisting disability before the later injury. And third, ESIF must prove the later injury, when coupled with previous disabilities, made the worker materially more disabled than if the pre-existing disability had not been present.
The evidence and testimonies presented at the trial of this matter demonstrate that Smith did suffer a work related injury on June 22, 2001, which resulted in a permanent partial disability. The x-rays taken following that accident, on June 22, 2001, showed mild degenerative narrowing at the C5-6 level in Smith's neck. Dr. Ameduri reviewed this x-ray report and explained in his deposition that this mild degenerative narrowing is considered arthritis in layman's terms. Dr. Cullichia also testified in his deposition that the mild degenerative narrowing noted by the radiologist report is consistent with arthritis. La. R.S. 23:1378(F)(4) includes arthritis as a permanent condition which results in permanent partial disability. Therefore, ESIF did prove Smith had a preexisting permanent partial disability at the time of the second July 31, 2001 accident.
Further, Chailland was aware of this previous injury and the resulting disability. According to Kocke's testimony, he discussed Smith's condition and disability with Ann Mitchell at Chailland. Mitchell and Kocke discussed Smith's job duties and his ability to return to work and perform those job duties. They concluded Smith was able to perform his job as a welder because it required no overhead work. Based on this communication with an employee of Chailland, we find it is clear Chailland was aware of Smith's June 22, 2001 accident, as well as his resulting disability and arthritis diagnosis.
Finally, Smith was clearly more disabled after the July 31, 2001 second injury, and the arthritis he suffered as a result of the first injury made the disability worse. Dr. Ameduri and Dr. Cullichia both testified that the arthritis in Smith's neck, as a result of the first accident, made his second injury to the neck worse. They both testified that Smith was predisposed to a traumatic neck injury as a result of the first injury and the resulting arthritis.
Therefore, we agree with the trial court and find that all three factors of Employers National Insurance Company v. Second Injury Board, supra have been met and ESIF is entitled to reimbursement from the Second Injury Board in accordance with La. R.S. 23:1378.
Accordingly, we affirm the trial court's judgment in favor of ESIF in the amount of $250,199.38 in reimbursement for indemnity benefits paid to Smith and $479,614.61 in reimbursement for medical benefits paid, plus interest.
AFFIRMED.
JOHNSON, J., concurs with reasons.
JOHNSON, J., concurs with reasons.
I agree with the majority that Employers Self Insurers Fund is entitled to reimbursement for indemnity benefits and medical benefits. As one of the assignments of error, it was alleged the trial court erred because it could not set the amount awarded for reimbursement for the reason that La. R.S. 23:1378(l)(a) mandates that reimbursement is determined after a complete audit by the Second Injury Board.
The language of La. R.S. 23:1378 refers to reimbursement claims that have been approved by the Second Injury Board. *1078 Here, the claims were denied by the Board, and the case proceeded through the court system. The trial court had ample information to determine the reimbursement amounts for the indemnity benefits and the medical benefits. For these reasons, I, respectfully, concur with the majority regarding the amounts of the awards in favor of Employers Self Insurers Fund.